NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TRAVOY R. HOLLIE, JR.,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2026-1743

---

Appeal from the United States Court of Federal Claims in No. 1:26-cv-00500-RAH, Judge Richard A. Hertling.

---

**ON MOTION**

---

PER CURIAM.

### O R D E R

Travoy R. Hollie, Jr., appeals from an order of the United States Court of Federal Claims and moves for leave to proceed *in forma pauperis* ("IFP") and other relief. For the following reasons, we summarily affirm.

On March 31, 2026, Mr. Hollie filed this suit at the Court of Federal Claims and moved for IFP. On April 2, 2026, the Court of Federal Claims denied his motion and

ordered payment of the filing fee, citing Mr. Hollie's history of frivolous complaints. On April 20, 2026, the trial court received Mr. Hollie's notice of appeal.[1] On April 23, 2026, the Court of Federal Claims purported to dismiss for failure to pay the fee and lack of jurisdiction.

Orders denying IFP status are immediately appealable. *See Roberts v. U.S. Dist. Ct. for the N. Dist. of Cal.*, 339 U.S. 844, 845 (1950). The determination of whether to allow a litigant to proceed IFP is committed to the sound discretion of the trial court. *See Fourstar v. United States*, 950 F.3d 856, 858 (Fed. Cir. 2020). Mr. Hollie's opening brief fails to raise any cogent, non-frivolous argument as to why the IFP determination of the Court of Federal Claims was incorrect, let alone an abuse of discretion. Instead, his brief consists for the most part of unfounded attacks against the Clerk of the Court of Federal Claims. Because we conclude no substantial question regarding the outcome of this appeal exists, we summarily affirm. *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994).[2]

Accordingly,

---

[1]    Mr. Hollie's notice of appeal states he is seeking review of a decision dated "APRIL 13, 2026." ECF No. 1-2 at 1; *see id.* at 5 (noting the date of receipt of the notice). The docket reveals no decision from the Court of Federal Claims on that date. We instead treat Mr. Hollie's notice of appeal, liberally construed, as a timely challenge to the trial court's denial of his IFP motion.

[2]    In light of Mr. Hollie's notice of appeal, it appears that the subsequent judgment dismissing the complaint may be void and should be reentered following this court's mandate in this appeal. *See Griggs v. Provident Consumer Disc. Co.,* 459 U.S. 56, 58–59 (1982); *Roberts*, 339 U.S. at 845.

IT IS ORDERED THAT:

(1)  The Court of Federal Claims's denial of Mr. Hollie's motion to proceed IFP is summarily affirmed.

(2)  All pending motions are denied.

(3)  Each party shall bear its own costs.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

July 23, 2026
Date